Corinne LILLEY, Appellant,

v.

MINUTE MARKET, INC., Appellee.

No. 6344.

Court of Civil Appeals of Texas,
El Paso.

Oct. 31, 1973.

Rehearing Denied Nov. 21, 1973.

James J. Crook, Dick Stengel, El Paso
(on appeal only), for appellant.

Grambling, Mounce, Deffebach, Sims,
Hardie & Galatzan, Malcolm Harris, Nor-
man C. Peyton, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is a false imprisonment case. The
Appellant, Corinne Lilley, gave a check to
Minute Market, Inc. when there were not
sufficient funds on deposit in her bank ac-
count to cover the check. The check was
turned over to the County Attorney, who
wrote a letter giving Appellant ten days to
make restitution. Apparently, payment
was made, but the County Attorney's of-
fice was never advised of that fact. Sub-
sequently, a complaint and information
were filed by the County Attorney's office
and a warrant issued, and the Appellant
was arrested.

Upon trial of the case, the jury found
that the arrest of Mrs. Lilley was proxi-
mately caused by Appellee's agents in tak-
ing the check to the County Attorney's of-
fice, and that such arrest was a proximate
cause of the Appellant's damages, which
the jury awarded. The jury failed to find
that she did not redeem the check within a
reasonable time. The trial Court entered a
take nothing judgment for the Appellee,
which we affirm.

The evidence showed that Mrs. Lilley
had been a customer of the Appellee's gro-
cery store for several years, when in Feb-
ruary, 1971, she cashed a check for $10.00,
drawn on the Northgate National Bank.
When the check was not paid by that bank,
the Appellee's personnel manager, who
handled such matters, at some unknown
date, took the check to the office of the

County Attorney. A letter was sent out to the Appellant on June 29, 1971, and received by her the next day, advising her to make restitution within ten days by sending a cashier's check or money order to the Appellee. Her husband testified that on July 9, 1971, he mailed a money order to the Appellee for the amount of the check. The County Attorney having never been advised of the payment filed a complaint and information on August 19, 1971, a warrant for the arrest of Mrs. Lilley was issued the same day, and the arrest was made on August 31, 1971. After being booked at the County jail, Appellant was released on bond and the following day an order of dismissal was entered in the criminal case.

■ All of the Appellant's points of error complain of the action of the trial Court in entering judgment for Appellee, notwithstanding the jury's verdict. A suit for false imprisonment may be maintained only when the arrest was made without legal process. Sagebiels, Inc. v. Walker, 498 S.W.2d 271 (Tex.Civ.App.—Austin, 1973). The essential elements of the offense are: (1) A willful detention of the person, (2) a detention without the authority of law, and (3) a detention against the consent of the party detained. J. C. Penney Company v. Duran, 479 S.W.2d 374 (Tex.Civ.App.—San Antonio 1972, writ ref'd n. r. e.). As noted in 25 Tex.Jur.2d False Imprisonment, Sec. 33, p. 266, "A detention under a warrant valid in form, issued by competent authority on a sufficient complaint, is not false imprisonment."

There is no question in this case but that Mrs. Lilley was arrested as the result of a warrant which was valid on its face and the Appellant has obtained no jury finding that there was a false arrest, i. e., one without legal process. Nor was there any jury finding that Appellee participated in or directed or requested the arrest in order to make it liable for false imprisonment. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898); J. C. Penney Company v. Reynolds, 329 S.W.2d 104 (Tex.Civ.App.—El Paso 1959, writ ref'd n. r. e.). Instead, the Appellant contends that after restitution was made in July, there could be no valid complaint filed in August to serve as the basis for the issuance of a warrant for her arrest. It is also contended that no complaint was ever filed, but the Deputy Clerk testified otherwise.

■ The offense, in violation of Article 567b, Tex.Penal Code Ann., was complete at the time the check was delivered and subsequent payment would not prevent the issuance of a valid warrant. 54 Tex.Jur. 2d Swindling and Cheating, Sec. 66, p. 77. Based upon the evidence and the lack of any jury findings which would support a judgment for the Appellant, the trial Court properly entered judgment for the Appellee.

The case of Leon's Shoe Stores, Inc. v. Hornsby, 306 S.W.2d 402 (Tex.Civ.App.—Waco 1957, no writ), upon which Appellant relies, is not in point for two reasons: First, there is no indication that a warrant was ever issued in that case, therefore the arrest was without authority of law; and, second, the jury in that case made a specific finding that the plaintiff was "falsely imprisoned."

All of Appellant's points are denied, and the judgment of the trial Court is affirmed.