**Mary Alice PLUMMER, Appellant,**

v.

**Joe B. HARRISON et al., Appellees.**

**No. 8369.**

Court of Civil Appeals of Texas, Texarkana.

Aug. 31, 1976.

Rehearing Denied Sept. 28, 1976.

John M. Gillis, Gillis, Rogers & Taylor, Dallas, for appellant.

John M. Smith, Stephen B. Early, Roberts, Harbour, Smith, Harris, French & Ritter, Longview, for appellees.

RAY, Justice.

This is an appeal from a summary judgment in favor of appellees. Appellant (plaintiff), Mary Alice Plummer, brought suit against appellees (defendants), Joe B. Harrison, individually and d/b/a Wynne, Jaffe & Tinsley, and Quality Store Services Corporation, seeking damages for false imprisonment. The trial court considered the motion for summary judgment filed by appellees, together with the summary judgment proof and granted summary judgment in favor of appellees. Appellant has perfected her appeal and submits the following point of error for our consideration:

"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR DEFENDANT BECAUSE THE PROOF OFFERED BY DEFENDANT FAILED TO ESTABLISH AS A MATTER OF LAW ADEQUATE LEGAL JUSTIFICATION FOR ISSUANCE OF THE SUBPOENA RESULTING IN MARY PLUMMER'S RESTRAINT; I. E. THAT NO MATERIAL FACT ISSUE EXISTS AS TO AN ESSENTIAL ELEMENT OF PLAINTIFF'S ACTION FOR DAMAGES FROM FALSE IMPRISONMENT."

The judgment of the trial court will be affirmed.

In *J. C. Penney Company v. Duran,* 479 S.W.2d 374 (Tex.Civ.App. San Antonio 1972, writ ref'd n. r. e.), it was stated that:

"The essential elements of false imprisonment are: (1) a willful detention of the person; (2) a detention without authority of law; and (3) a detention against the consent of the party detained."

This Court said in *Tandy Corporation v. McGregor,* 527 S.W.2d 246, 248 (Tex.Civ. App. Texarkana 1975, writ ref'd n. r. e.), "It is a complete defense to an action for false imprisonment that the arrest or detention was by virtue of process, legally sufficient in form, and duly issued by a court or official having jurisdiction to issue it." The presumption is that the subpoena in this case was legally sufficient in form and duly issued by an official having jurisdiction to issue it. There was no allegation in appellant's petition that the subpoena was not sufficient in form or was not issued by an official having jurisdiction to do so. In the instant case, it was undisputed that the subpoena was legally sufficient in form and duly issued by the court reporter (also a notary public) who was an official having jurisdiction to issue subpoenas for the taking of depositions. Tex.R.Civ.P. 201.

The evidence reveals that a subpoena was issued for Appellant Plummer, a person not a party to the proceedings for which depositions were being taken, to determine whether or not service of the subpoena directed toward Richard Gibson was proper, and accordingly, whether or not Richard Gibson was in contempt of court for refusing to appear for his deposition. The subpoena for Gibson had been served upon Mrs. Plummer who had assured the constable that she could accept the subpoena for Richard Gibson. When Gibson failed to show for his deposition, appellees requested that the court reporter, Tommy Sorrels, issue a subpoena directing Mrs. Plummer to appear for her deposition. That subpoena was issued by Sorrels, was served by the constable on Mrs. Plummer and she appeared for her deposition before the court reporter unaccompanied by the constable and gave her testimony.

Appellant Plummer attached a copy of the subpoena in question to her affidavit in opposition to the motion for summary judgment, but she made no complaint about the subpoena not being sufficient in form or that it was not duly issued by an official having jurisdiction to issue it.

The record in this case leaves unrebutted the presumption that the subpoena was valid in form and properly issued.

In view of the unquestioned and undisputed fact that Appellant Plummer was commanded to appear at the Gregg County

Courthouse before a notary public and official court reporter through a subpoena issued for her appearance, we conclude that an essential element of false imprisonment was lacking. The essential lacking in the present case is "a detention without authority of law." Assuming that she was detained against her will, without deciding that question, such was with authority of law and therefore could not constitute false imprisonment. *Lilley v. Minute Market, Inc.,* 501 S.W.2d 688 (Tex.Civ.App. El Paso 1973, writ ref'd n. r. e.); *J. C. Penney Company v. Duran,* supra; *Pate v. Stevens,* 257 S.W.2d 763 (Tex.Civ.App. Texarkana 1953, writ dism'd); *Workman v. Freeman,* 155 Tex. 474, 289 S.W.2d 910 (1956).

The judgment of the trial court is affirmed.