**Isidro Sanchez GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00261–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 12, 1984.

Rehearing Denied Oct. 30, 1984.

Peter A. Sakai, San Antonio, for appellant.

Sam Millsap, Jr., Eduardo J. Garcia, Ronald E. Mendoza, Charles Estee, San Antonio, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

DIAL, Justice.

Appellant was convicted of the offense of murder (repeater) in a jury trial. The jury set punishment at confinement in the Texas Department of Corrections for a term of twenty (20) years.

Appellant's first ground of error complains of the trial court failing to give requested jury instructions on the lesser included offense of voluntary manslaughter.

The defense theory from the outset was one of self-defense. From the testimony of Appellant Gonzales and his companion on the night in question, Elias Maldonado, it was established that the two had gone to a bar in San Antonio. The deceased, Domingo Garcia, was also at the bar at that time in the company of a lady. Maldonado asked Garcia if he wanted to contribute a quarter for the juke box, but Garcia refused. Maldonado also asked the lady with Garcia if she would dance with him, and she refused. The appellant testified that Garcia, referring to Maldonado, said, "I'll fix him." The appellant then told Maldonado that he would wait for him in the car, and he left the bar. Appellant testified that he had never had any type of argument or cross words with the deceased before that occasion. Appellant also admitted that he was not at all upset over the words of the deceased.

Appellant stated that he saw Garcia exit the bar, go to his car, open the trunk to the car, and get something out of it. Garcia called out to appellant. Appellant saw Garcia raise a gun, point it at him, and fire. Appellant had retrieved an automatic pistol that Maldonado had placed under the car seat. Appellant fired the weapon at Garcia, and the "gun just kept firing." The owner of the bar, shortly thereafter, told Gonzales to leave the premises because the police would be there shortly. Gonzales testified that he stayed "because I fired in self-defense."

The above facts raised the issue of self-defense, and the court appropriately charged the jury on that issue. The appellant requested that a charge on voluntary manslaughter be given to the jury, but the trial court denied the request.

■ The charge on voluntary manslaughter is mandatory only when there is evidence that the defendant acted under the immediate influence of sudden passion arising from an adequate cause. TEX.PENAL CODE ANN. § 19.04(b) and (c) (Vernon 1974). The application of this principle depends upon the particular facts in the case. *Roberts v. State*, 590 S.W.2d 498, 501 (Tex.Crim.App.1979).

■ The testimony of the accused alone is sufficient to raise the issue, and once it has been raised by the evidence, the court, without determining the weight or the truth or falsity of the testimony, is bound to submit the issue to the jury for its determination. *Ray v. State*, 515 S.W.2d 664, 667 (Tex.Crim.App.1974). Where the issue of voluntary manslaughter is raised by the evidence, the fact that the evidence also raises the issue of self-defense, and an instruction on that issue is granted will not deprive the accused of the right to a proper charge as well on the issue of voluntary manslaughter if it is part of the case. *Monroe v. State*, 501 S.W.2d 639, 642 (Tex. Crim.App.1973).

In most cases where the court of criminal appeals has reversed for failure to charge on voluntary manslaughter, there was evidence of immediate acts of the deceased that enraged the mind of the accused. *McGee v. State*, 473 S.W.2d 11, 14 (Tex. Crim.App.1971); *Lucky v. State*, 495 S.W.2d 919, 922 (Tex.Crim.App.1973). It would be difficult to imagine a specific event more likely to cause anger, rage, resentment or terror in a person of ordinary temper than to have someone aim a gun at you and fire.

■ Although the jury rejected the appellant's self-defense testimony, it still had the right to believe that the appellant's testimony describing the deceased's aggressive conduct constituted an adequate cause giving rise to sudden passion influencing the appellant to commit a voluntary

homicide. *See Monroe v. State*, 501 S.W.2d at 642. The trial judge erred in not submitting the requested charge on voluntary manslaughter. Appellant's first ground of error is sustained. It is not necessary to consider the other alleged grounds of error.

The judgment of the trial court is reversed, and the cause is remanded for retrial.

CANTU, Justice, dissenting.

I disagree with the test employed by the majority in determining that the trial court erred in refusing to grant a charge on voluntary manslaughter.

I have searched the record in vain for evidence which raises such an issue. At best I have found evidence in the appellant's testimony which indicates that he became apprehensive when the deceased reached into the trunk of his car and produced what later turned out to be a pistol. In response to the act of the deceased and in anticipation of what eventually transpired appellant reached for and produced a weapon of his own which he fired only after being beaten to the punch by the deceased.

There is nothing in the record which indicates that appellant acted under the immediate influence of sudden passion. To the contrary, appellant anticipated the event and prepared himself to respond to the occasion. Clearly the defensive posture relied solely upon a theory of self defense which appellant's attorney candidly admitted before the jury in his opening statement.

I agree that I would have some difficulty imagining a specific event more likely to cause anger, rage, resentment or terror in a person of ordinary temper than to have someone aim a gun and fire. But what I might imagine has no bearing on the evidence raised at the trial. It might well be that appellant experienced all of the elements of sudden passion necessary to raise voluntary manslaughter yet unless the record reflects it this court is in no position to fill in the gaps based upon what we might have said.

Where is the evidence that appellant exhibited an excited and agitated mind at the time of the killing caused by an act of the deceased? *Cf. Roberts v. State*, 590 S.W.2d 498 (Tex.Crim.App.1979).

To the contrary, the testimony of appellant, the only witness under the facts of this case capable of supplying evidence of "sudden passion," demonstrates a person possessed of cool reflection throughout the entire incident. *Cf. Daniels v. State*, 645 S.W.2d 459 (Tex.Crim.App.1983).

A charge on voluntary manslaughter is mandatory only when there is evidence that the defendant acted under the immediate influence of sudden passion arising from adequate cause. *Hobson v. State*, 644 S.W.2d 473 (Tex.Crim.App.1983) *reversing*, 627 S.W.2d 532 (Tex.App.1982).

But if the evidence only raises the issue of self defense, a charge on voluntary manslaughter is not called for. *Luck v. State*, 588 S.W.2d 371 (Tex.Crim.App.1979).

Here, the initial attack by the deceased raised the issue of self defense but there was no showing that appellant shot the deceased under circumstances which would constitute the offense of voluntary manslaughter. I would hold that the trial court correctly refused appellant's requested charge on voluntary manslaughter.

I respectfully register my disapproval of the majority's holding.