**Isidro Sanchez GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–83–00261–CR.**

Court of Appeals of Texas,
San Antonio.

May 13, 1987.

Peter A. Sakai, San Antonio, for appellant.

Fred G. Rodriguez, Crim. Dist. Atty., Sam Millsap, Jr., Former Crim. Dist. Atty. Eduardo Garcia, Ronald E. Mendoza, Charles Estee, San Antonio, for appellee.

OPINION

Before ESQUIVEL, CANTU and DIAL, JJ.

DIAL, Justice.

On previous submission, we reversed this murder conviction for what we deemed to be error in the jury charge. The Court of Criminal Appeals reversed the decision of this Court and remanded it to us for consideration of the other points of error. Reference is made to the previously published opinions for recitation of the facts. *Gonzales v. State*, 717 S.W.2d 355 (Tex.Crim. App.1986); *Gonzales v. State*, 679 S.W.2d 638 (Tex.App.—San Antonio 1984). We overrule the remaining points of error and affirm the conviction.

The defendant contends that the trial court erred in not granting his motion for mistrial due to the length of time of the jury deliberations. The jury began deliberation at 9:20 A.M. Sometime later they sent out a note advising the court that they were unable to reach a verdict at that time. They were brought into court, and the trial judge ascertained that they were divided three to nine. The trial judge gave a supplemental charge to the jury, to which the defendant did not object. After a recess for lunch, the jury returned to deliberation. Upon inquiry by the court as to whether it appeared possible that a unanimous verdict could be reached, the jury responded that the vote was now ten to two and that they would keep trying. The defendant moved for a mistrial which was overruled by the court. Later, the jury sent out another note advising that they had had a vote of ten to two five different times and felt that there was no chance for a decision. The court received consent from both sides for the jury to separate for the evening. The defense again moved for mistrial which the court overruled noting that he had received another communication from the jury stating that they would like to come back tomorrow and continue again. The jury recessed overnight at 5:45 P.M. The jury returned at 8:15 A.M. the following morning and reached a verdict at 9:15 A.M.

The length of time that a jury may be held for deliberation rests largely in the discretion of the trial court. Unless it is shown that the court abused its discretion, there is no reversible error. *Garcia v. State*, 522 S.W.2d 203, 208 (Tex.Crim. App.1975). The exercise of discretion in declaring a mistrial will be judged by the amount of time the jury deliberates compared to the amount of evidence and the nature of the case. *Muniz v. State*, 573 S.W.2d 792, 794 (Tex.Crim.App.1978).

The evidence in this case consisted of testimony of some 14 witnesses heard over a three day period. The charge consisted of seven pages instructing the jury on the law of murder and self-defense and a limiting charge on an extraneous offense. The jury was in deliberation a total of nine hours and twenty-five minutes less a recess for lunch. Under the circumstances, no abuse of discretion is shown. The point of error is overruled.

The defendant next complains under one point that the prosecutor engaged in improper jury argument during the punishment phase of the trial. The defendant gives separate references to the record in each of several instances. We find from reviewing the record that the complained of jury argument either fell into approved general areas of summation or the error was not properly preserved for review. Reasonable deductions from the evidence and the jury charge and pleas for law enforcement are types of proper argument used here. *Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App.1980). In another instance, the trial judge immediately gave instructions to the jury to disregard the argument. This cured any possible error. *Livingston v. State*, 531 S.W.2d 821 (Tex.Crim.App. 1976). In other instances the defense attorney moved for a motion for mistrial without first asking for an instruction to disregard. A motion for mistrial that is not preceded by a request for an instruction to disregard fails to preserve the error if any. *Brooks v. State*, 642 S.W.2d 791, 798 (Tex.Crim.App.1982). The point of error is overruled.

 Under the fourth point of error the defendant contends that the trial court impermissibly limited his cross examination of the State's witness Rosendo Martinez. Martinez was the owner of the lounge where the offense occurred. On cross examination, the defense attempted to establish that the license to serve alcohol at the lounge had been suspended because of the amount of violence at the premises. The State objected that the information was irrelevant, and the court sustained the objection. The defense developed the evidence in a bill of exceptions.

A witness may be cross examined on any matter relevant to any issue in the case. TEX.R.EVID. 610(b). "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX.R. EVID. 401. The determination of what evidence is relevant and therefore permissible on cross examination is within the discretion of the trial judge. *Satterwhite v. State*, 499 S.W.2d 314, 317 (Tex.Crim.App. 1973). Whether the license on the premises had been revoked and for what reason had no bearing on the credibility of the witness and did not assist in proving or disproving any fact in issue under the indictment in this cause. No abuse of the trial judge's discretion is shown. The point of error is overruled.

 In his last point of error the defendant contends that a mistrial should have been declared based upon improper formation of the jury. Twelve members of the panel had been sworn as jurors. The trial court noticed that one of the twelve who had been sworn was an individual who had been peremptorily challenged. The court removed that particular jury member and replaced him with another member of the panel who was in fact one of the first twelve unchallenged jurors. Those twelve were then administered a second oath. The defense counsel objected and moved for a mistrial, which was overruled and denied. The defendant does not demonstrate in his argument how the above procedure was harmful to him in any way. He cites no authority holding that this was error. Even an untimely administered oath to the jury does not render the verdict void. *White v. State*, 629 S.W.2d 701, 704 (Tex. Crim.App.1981), *cert. denied*, 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457 (1982). We conclude that the defendant was not harmed, and there was no error. The last point of error is overruled.

The judgment of conviction is affirmed.