NO. 07-03-0149-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 22, 2004

_____

DOLORES GRUNAUER, APPELLANT

V.

IRENE DIFILIPPO, APPELLEE

_____

FROM THE COUNTY COURT OF LAW NO. 3 OF LUBBOCK COUNTY;

NO. 2003-593,853; HONORABLE PAULA LANEHART, JUDGE

_____

**MEMORANDUM OPINION**

Before QUINN and REAVIS and CAMPBELL, JJ.

Following a bench trial, the trial court awarded judgment in favor of Irene Difilippo against Dolores Grunauer in a forcible entry and detainer proceeding declaring Difilippo to be entitled to possession of the property in question. With one issue, Grunauer claims the

trial court abused its discretion in granting Difilippo's motion to quash a witness subpoena. We will affirm.

Grunauer and Difilippo are sisters. Their parents, Severiano and Vicenta Martinez, owned a home in which Grunauer was living in their absence. In January of 2003, Difilippo, who had been granted power of attorney for both Severiano and Vicenta, filed a sworn complaint for eviction in the Justice of the Peace Court seeking to evict Grunauer from the home. The JP court entered a default judgment against Grunauer, who then appealed the case to County Court. In anticipation of the February 2003 trial setting in that court, Grunauer served Severiano with a subpoena to compel his testimony at trial.[1] In response, Difilippo filed a motion to quash the subpoena claiming it was ineffective because it listed the JP cause and court number instead of the county court ones. Difilippo also asserted in the motion that requiring her 95 year old father, who was in failing physical and mental health, to attend the proceedings "[was] undue and overly burdensome." At the hearing on the motion, Grunauer conceded the subpoena had some "typographical errors" and moved the trial court for a continuance so she could correct them and secure Severiano's presence at trial. The trial court denied the motion for continuance, granted Difilippo's motion to quash the subpoena, proceeded to trial, and rendered judgment in favor of Difilippo.

---

[1]Grunauer served her 84 year old mother with a subpoena as well. However, Grunauer did not object at trial to Difilippo's motion to quash that subpoena, and she raises no issue on appeal with respect to the trial court's granting of the motion.

2

By her issue, Grunauer asserts that if the trial court granted the motion to quash because the subpoena listed the wrong court and cause number, then it was without jurisdiction to do so. We disagree. We will review Grunauer's claim that the trial court improperly quashed a subpoena under an abuse of discretion standard. Muennink v. State, 933 S.W.2d 677, 684 (Tex.App.–San Antonio 1996, writ ref'd).[2] Initially, we note that within five days of the JP court's signing of the eviction default judgment, Grunauer had filed both her notice of appeal and appeal bond in that court, thus perfecting an appeal to county court. *See* Tex. R. Civ. P. 749 & 749c. Accordingly, the County Court obtained appellate jurisdiction at that time and had the authority to rule upon the motion to quash. *See* Tex. Gov't Code Ann. § 26.042(e) (Vernon Supp. 2004). Next, although the subpoena reflected the correct date and time for the bench trial, it failed to state the proper cause number and court in which the suit was then pending as required by the rules of civil procedure. See Tex. R. Civ. P. 176.1. Thus, the subpoena, while duly issued by Grunauer's attorney, an official having jurisdiction to issue it, was legally insufficient in form to compel Severiano's appearance. *See* Tex. R. Civ. P. 176.4(b); *cf*. Plummer v. Harrison, 540 S.W.2d 835, 836 (Tex.Civ.App.–Texarkana 1976, writ ref'd n.r.e.) (where there was no allegation in plaintiff's petition that the subpoena served upon her was not sufficient in form or was not issued by

---

[2]We recognize the right to compulsory process in a criminal case is governed by the Code of Criminal Procedure rather than the Rules of Civil Procedure. However, neither party has supplied, nor has our independent review uncovered, any civil case declaring the standard of review for a trial court's grant of a motion to quash a subpoena. Because Grunauer suggests abuse of discretion is the appropriate gauge, and because we discern no reason in law or logic not to utilize it, we will review the trial court's actions under that standard.

an official having jurisdiction to do so, appellate court must presume subpoena was legally sufficient).  Under these circumstances, we cannot say the trial court rendered an arbitrary and unreasonable decision or acted without reference to any guiding rules or principles in granting Difilippo's motion to quash.  Koslow's v. Mackie, 796 S.W.2d 700, 704 (Tex. 1990). That conclusion precludes a discussion of Grunauer's remaining argument that "[t]here is nothing in the record to indicate that Severiano Martinez was imposed to undue burden or expense as mentioned in TRCP 176.7." *See* Tex. R. App. P. 47.1.  Grunauer's sole issue is overruled.

 Accordingly, the judgment of the trial court is affirmed.


      Don H. Reavis
      Justice